UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DON M. DOWNING, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:13CV321 CDP |
| RICELAND FOODS, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs sued Riceland Foods, Inc., claiming that Riceland had been unjustly enriched at plaintiffs' expense. Riceland brought counterclaims for breach of contract and tortious interference, and it has sued plaintiffs and some other parties in state court under identical claims. I dismissed Riceland's counterclaims on plaintiffs' motion, and plaintiffs now ask that I issue an expedited Order entering final judgment of those counterclaims under Rule 54(b) of the Federal Rules of Civil Procedure. Riceland opposes entry of final judgment and for the second time moves to dismiss for lack of subject-matter jurisdiction. This court has already determined that it has subject-matter jurisdiction over this matter, and nothing in Riceland's motion changes that conclusion. I see no just reason for delaying entry of final judgment on Riceland's dismissed counterclaims, and so I will grant the plaintiffs' motion.

## Background

In 2006, the USDA announced that the rice supply in the United States had been contaminated by Bayer's genetically modified rice. Thousands of rice producers and non-producers filed suit against various Bayer entities in federal and state court. The Judicial Panel on Multidistrict Litigation transferred all pending federal cases to this court, and I appointed leadership counsel to oversee a group of attorneys working on behalf of the federal plaintiffs. Over the course of the next several years, this leadership group and various other attorneys and law firms invested considerable time and resources into the cases, providing substantial benefits to other plaintiffs in the litigation.

Most of the rice cases have now been tried or settled. The settlements included a Release of all claims "arising out of" the presence of Bayer's rice in the United States rice supply. The Release named Riceland as a third-party beneficiary.

In the MDL, I ordered that a common benefit trust fund (the Fund) be established to compensate attorneys for services rendered on behalf of all the plaintiffs. This order required that a portion of any recovery obtained by plaintiffs in federal court be set aside and contributed to the Fund. It also allowed contributions to the Fund to be made in state-court cases if ordered by the state

court or if plaintiffs in those cases agreed to the contributions. The leadership group has twice tried to expand that order to state cases.

The first attempt occurred in the formation of the order. The leadership group's motion to create the Fund asked that it apply to state cases. This motion was opposed by Bayer and some attorneys who represented both MDL plaintiffs as well as plaintiffs in state cases. I determined that I lacked jurisdiction over state cases. *In re Genetically Modified Rice Litig.*, No. 4:06MD1811 CDP, 2010 WL 716190, at *4–5 (E.D. Mo. Feb. 24, 2010) (MDL ECF Doc. 2574), *aff'd*, 764 F.3d 864, 873–74 ("Even if the state plaintiffs' *attorneys* participated in the MDL, the district court overseeing the MDL does not have authority over separate disputes between state-court *plaintiffs* and Bayer.").

The second attempt to expand the order occurred after Riceland reached a settlement in its state case and refused to contribute to the Fund. Riceland was a defendant in that case and asserted cross-claims against Bayer; Riceland was simultaneously a plaintiff in a federal case against Bayer as part of the MDL. Plaintiffs filed a motion in the MDL to compel Riceland to contribute a portion of its recovery from the state case. I denied that motion, holding that although I had jurisdiction over Riceland as part of the MDL, I lacked jurisdiction to compel Riceland to do anything in the state case. *In re Genetically Modified Rice Litig.*,

No. 4:06MD1811 CDP, 2011 WL 601627, at *1 (E.D. Mo. Feb. 11, 2011) (MDL ECF Doc. 4033).

The dispute here involves one of three cases that were consolidated for limited purposes and treated as ancillary to the MDL. *See* Order dated March 26, 2013 (ECF Doc. 10). There are two groups of plaintiffs in this case. The Fund's co-trustees compose the first group; the second group comprises three law firms acting as named plaintiffs on behalf of a class whose members contributed to or are allegedly owed reimbursement from the Fund (the Class). The plaintiffs sued Riceland in this case under theories of quantum meruit and unjust enrichment, alleging that it used the common-benefit services, materials, and expenses paid for and developed by the Class. The complaint alleges that Riceland has received favorable settlements by using those materials without reimbursing the Fund.

Riceland raised the terms of the Release as an affirmative defense. It also brought counterclaims, asserting that the filing of this lawsuit constitutes breach of contract and tortious interference with the Release. Riceland sought its fees and costs spent defending this action as well as punitive damages.

Plaintiffs moved to dismiss Riceland's counterclaims. After construing the Release's terms, I determined that plaintiffs' claims, as a matter of law, do not "arise" out of the presence of Bayer's rice and so are not subject to the Release.

I therefore granted plaintiffs' motion and dismissed Riceland's counterclaims with prejudice. *See* Order dated August 20, 2014 (ECF Doc. 72).

Shortly after filing its answer in this court and approximately one week before amending that answer to include its counterclaims, Riceland sued the law-firm plaintiffs and some additional law firms in Arkansas state court under the same legal theories and facts presented in its counterclaims. As part of its relief in the Arkansas case, Riceland requested a declaratory judgment as to the "scope and effect" of the Release. Riceland has since sought an expedited trial schedule in that case.

Plaintiffs now request an expedited order certifying my dismissal of Riceland's counterclaims as a final judgment under Rule 54(b), so that my interpretation of the Release may bind Riceland in the Arkansas court and compel dismissal of that case. Riceland opposes an expedited ruling on the issue and certification generally.

The day after plaintiffs filed their motion for an expedited ruling on its motion for certification, Riceland filed its second motion to dismiss this case for lack of subject-matter jurisdiction. The first such motion argued that the court lacked jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and that the plaintiffs' complaint represented a collateral attack on this court's earlier orders in the MDL that it could not compel state court parties to contribute to the

Fund. I denied that motion because plaintiffs had established that this court has original jurisdiction under CAFA over this case and because my earlier Orders dealt with different jurisdictional issues. *See* Order dated March 31, 2014 (ECF Doc. 51), *reported at Downing v. Riceland Foods, Inc.*, 298 F.R.D. 587, 590 (E.D. Mo. 2014).

Riceland's second motion to dismiss does not address CAFA jurisdiction, but instead argues that this court is bound by the law of the case doctrine because of its earlier orders. Riceland cites its jurisdictional challenge as an impediment that must be resolved before ruling on plaintiffs' motion to certify as final the dismissal of Riceland's counterclaims.

## Discussion

*Subject-Matter Jurisdiction*

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h). Subject-matter jurisdiction refers to the court's "statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (emphasis omitted) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)).

This court has already held that it possesses subject-matter jurisdiction over this case under the Class Action Fairness Act's expansion of diversity jurisdiction. *See* Order dated March 31, 2014 (ECF Doc. 51), *reported at Downing v. Riceland*

*Foods, Inc.*, 298 F.R.D. 587, 590 (E.D. Mo. 2014) (citing 28 U.S.C. § 1332(d)); *cf. also Raskas v. Johnson & Johnson*, 719 F.3d 884, 886 (8th Cir. 2013) ("CAFA confers federal jurisdiction over class actions . . . .") (internal quotation marks and citation omitted)). Despite this court's finding that it has subject-matter jurisdiction, Riceland argues that my common-benefit rulings in the MDL case are the law of the case, and so dispositively establish the absence of jurisdiction. Riceland's arguments improperly conflate the cases: while I may have lacked jurisdiction in the earlier cases, I have definitively ruled that jurisdiction is proper in this case under CAFA.

Law of the case is an "amorphous" doctrine that requires a legal decision, once made by the court, to "continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983) (citation omitted). The doctrine is intended to prevent "relitigation of settled issues in a case." *First Union Nat. Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616, 620 (8th Cir. 2007). It requires that a prior decision be "followed in later proceedings 'unless a party introduces substantially different evidence, or the prior decision is clearly erroneous and works a manifest injustice.'" *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995) (quoting *United States v. Callaway*, 972 F.2d 904, 905 (8th Cir. 1992) (per curiam)).

The first cases to which Riceland refers involved a dispute within the MDL between the leadership group, Bayer, and some attorneys who represented plaintiffs in state cases. The leadership group was attempting to expand this court's orders relating to the Fund beyond the scope of the federal MDL to all cases involving Bayer's rice. I found that I lacked jurisdiction to require Bayer to hold back and contribute to the Fund a portion of any recovery in state court. *In re Genetically Modified Rice Litig.*, No. 4:06MD1811 CDP, 2010 WL 716190 at *4–5 (E.D. Mo. Feb. 24, 2010) (MDL ECF Doc. 2574). The Eighth Circuit affirmed, holding that that the statute authorizing multi-district federal litigation, 28 U.S.C. § 1407, does not confer jurisdiction over state cases and parties not before the federal district court. *See, e.g.*, *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 873–74 (8th Cir. 2014). In finding an absence of jurisdiction, the Eighth Circuit noted that because "no independent basis for jurisdiction" existed as to the state-court actions, the district court could not "order parties in cases not before it to contribute to the Fund." *Id.* at 873–74.

Riceland next points to my ruling in the MDL dated February 11, 2011. *In re Genetically Modified Rice Litig.*, No. 4:06MD1811 CDP, 2011 WL 601627 (E.D. Mo. February 11, 2011) (MDL ECF Doc. 4033). That order pertained to a motion by the leadership group to require Riceland, which was both a defendant/cross-claimant in Arkansas court and an MDL plaintiff, to contribute a

portion of its Arkansas recovery to the federal MDL. I denied that motion, because I lacked jurisdiction to issue orders over a party in a state case, even where that party also appeared before me on a related matter. *Id.* at \*1.

The cases Riceland cites dealt with whether an MDL court could issue orders within the MDL that would be applicable to state cases and binding upon parties not before the court. But here Riceland is a defendant in this very case based on claims of unjust enrichment and quantum meruit. This case is one over which the court has subject-matter jurisdiction by operation of CAFA. The situation here is obviously distinguishable from those discussed above, and the law of the case doctrine does not prevent this case from going forward. *See U.S. v. Bates*, 614 F.3d 490, 494 (8th Cir. 2010) ("[A] a statement . . . was not the law of the case where the court was considering and deciding a different issue.") (citing *United States v. Montoya*, 979 F.2d 136, 138 (8th Cir. 1992)).

Riceland's jurisdictional arguments are not taken in good faith. This court has already determined, over Riceland's objections, that the MDL rulings do not affect its subject-matter jurisdiction over this case.[1]  *See* Order dated March 31, 2014 (ECF Doc. 51), *reported at Downing*, 298 F.R.D. at 590. Riceland does not even mention that ruling in its motion to dismiss.

---

[1] In fact, Riceland has already raised these rulings when opposing plaintiffs' motion for leave to file an amended complaint and in its first motion to dismiss for lack of subject-matter jurisdiction. *See* ECF Doc. 37 at 10 (opposing plaintiffs' amended complaint); ECF Doc. 38 at ¶¶ 9, 10 (motion to dismiss for lack of subject-matter jurisdiction).

*Finality*

Rule 54(b) allows the court to direct entry of final judgment as to fewer than all claims for relief only after an express determination that "no just reason" justifies delay. Fed. R. Civ. P. 54(b). The Eighth Circuit has recently outlined the analysis that a district court must undertake when deciding whether to grant Rule 54(b) certification:

> The court must first determine that it is dealing with a final judgment in the sense that it is an ultimate disposition of an individual claim. Second, in determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals. Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.

*Williams v. Cnty. of Dakota, Neb.*, 687 F.3d 1064, 1067–68 (8th Cir. 2012) (internal citations and quotations omitted). Certification should be denied in favor of a single appeal where a remaining claim requires familiarity with the same nucleus of operative facts and analysis of similar legal issues as in the adjudicated claim. *Outdoor Cent. Inc. v. GreatLodge.com, Inc.*, 647 F.3d 1115, 1119 (8th Cir. 2011) (citing *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993)).

Several factors should be considered when determining whether a just reason for delay exists:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Hayden v. McDonald*, 719 F.2d 266, 269 (8th Cir.1983) (quoting *Allis–Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

The first inquiry may be answered in the affirmative: Riceland's counterclaims have been dismissed in their entirety. I now look to whether a just reason prevents certification of the issue for appeal.

I have ruled as a matter of law that the contracts do not encompass plaintiffs' suit, and Riceland has not proffered any alternative factual theories that might reignite its claims for breach of contract and tortious interference. Plaintiffs' claims for unjust enrichment and quantum meruit do not depend upon the same facts and legal theories underlying Riceland's dismissed counterclaim. To prove those quasi-contractual claims, plaintiffs must show that (1) they conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances. *See Johnson Grp., Inc. v. Grasso Bros., Inc.*, 939 S.W.2d 28, 30 (Mo. Ct. App. 1997) (noting both causes share elements but differ in recovery).

Thus, plaintiffs' claims will involve the facts surrounding their work on behalf of the individual MDL plaintiffs, Riceland's use of that work, this court's common-benefit orders, and Riceland's refusal to contribute to the Fund – facts occurring before the filing of this case. On the other hand, Riceland's counterclaims required an interpretation of the Release and an analysis of whether, by bringing this case, plaintiffs breached or interfered with that contract. The legal theories and facts in support are distinct. This factor weighs in favor of certification.

No potential for setoff exists, as no money judgment has yet been entered in favor of either party. *See Nw. Airlines, Inc. v. Astraea Aviation Servs., Inc.*, 930 F. Supp. 1317, 1327 (D. Minn. 1996). This factor also weighs in favor of certification.

Riceland argues that entry of final judgment at this time will force a piecemeal appeal, because it has asserted the Release as an affirmative defense to plaintiffs' claims. But I already determined as a matter of law that the Release did not apply to those claims. Riceland's affirmative defense is, essentially, defective on arrival. Riceland has not cited to any case holding that a defunct affirmative defense, as opposed to a live claim, should preclude entry of final judgment under Rule 54(b).[2] Moreover, this case is still in its early stages – the parties have only

---

[2] Although the case lacks precedential value, the Eleventh Circuit has held that certification of dismissal of a defendant's abuse-of-process counterclaim was not abuse of discretion despite the existence of still-unadjudicated affirmative defenses of waiver, unclean hands, and comity.

recently finished briefing the issue of class certification. It is possible that an early appeal might reopen Riceland's counterclaims or affirmative defense in time for a single trial, while a later successful appeal might require a second trial. This factor is neutral.

As for economic considerations, Riceland's counterclaims and its Arkansas claims seek attorney's fees and costs incurred in defending this suit. This situation is distinguishable from that of *Curtis-Wright*, where the plaintiff had already won monetary damages on summary judgment but faced the loss of further money in the form of interest during the pendency of the remaining litigation. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S.1 (1980). There, the Supreme Court held that the district court properly considered plaintiff's monetary loss as one of the equities. *Id.* at 11. Here, plaintiffs have not won any damages. Still, they have won a respite from having to defend against Riceland's counterclaims. Thus, the continued litigation in state court represents an inequitable expense weighing in favor of certification.

Finally, I find that plaintiffs and this court will suffer injustice should entry of final judgment be delayed. The parties and this judicial system have expended significant resources on this case. Those efforts are at risk of being obviated by a

---

*ClassroomDirect, LLC v. Draphix, LLC*, 314 Fed. Appx. 169, 172–73 (11th Cir. 2008) (per curiam).

ruling in the later filed Arkansas case. *Cf. Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (declaring it "unsound and ineffectual" to forbid consideration of res judicata effects on other courts as part of Rule 54(b) analysis) (citations omitted).

This court recognizes the interests of both the parties and Arkansas in adjudicating cases properly brought. But the risk of injustice is magnified by the disparate approaches taken by Riceland in this case and in the Arkansas case. Riceland continues to expedite the proceedings in the Arkansas case over plaintiffs' objections. In this case, however, Riceland delays. As discussed above, this court has already denied one motion by Riceland to dismiss for lack of subject-matter jurisdiction. Riceland nevertheless filed a second motion to dismiss that raises specious arguments; this motion was filed shortly after plaintiffs' motion for entry of final judgment was filed. The timing and substance of that motion suggest that it was filed, at least in part, to delay my ruling on the certification issue and on plaintiffs' motion to certify a class. Given the circumstances of this case, the equities favor entry of judgment under Rule 54(b).

This court sees no just reason for delaying entry of judgment under Rule 54(b). I will certify my dismissal of Riceland's counterclaims as final and direct entry of judgment on those claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of jurisdiction [# 86] is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for order under Rule 54(b) entering final judgment on Riceland's counterclaims [# 74] is **granted**.

**IT IS FURTHER ORDERED that JUDGMENT BE ENTERED** with respect to the issues determined in this court's Memorandum and Order dated August 20, 2014 [Doc. 72] and I will today enter a final judgment in favor of plaintiffs **dismissing with prejudice** the claims asserted by Riceland in its Counterclaim.

**IT IS FINALLY ORDERED** that plaintiffs' motion to expedite ruling on the pending motion for an order under Rule 54(b) entering final judgment on Riceland's counterclaims [# 85] is **denied as moot**, and its motions to supplement [## 92 & 93] are **granted**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2014.